UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN THOMAS MATHEIS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CDCR et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-2100-GPC-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**[ECF No. 11]** |

　　　Plaintiff, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed this Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). ECF No. 11. In general, the Motion requests the Court to: (1) order Defendants and related persons to cease and desist any retaliatory acts against Plaintiff; (2) order Defendants to transfer Plaintiff to a different California Department of Corrections and Rehabilitation ("CDCR") Level III institution; and (3) issue a protection order for those who provided supporting declarations for Plaintiff. Upon considering the Motion and the related papers, the Court **DENIES** the Motion.

///

## I. BACKGROUND

### A. Factual Background

Relevant to this Motion, Plaintiff alleges the following.[1] On September 21, 2019, Defendant Sergeant C. Godinez ("Defendant Godinez") arrived at Plaintiff's cell to interview him about a grievance he had filed regarding missing property. After instructing Plaintiff's cellmate to leave, Defendant Godinez sexually abused and harassed Plaintiff, and told him to withdraw his grievance or else Defendant Godinez would falsely accuse Plaintiff of having nails in the cell. ECF No. 1 at 4–5.[2] On January 11, 2020, Defendant Godinez once again sexually abused and harassed Plaintiff, this time in an isolation cage at the facility gym. Plaintiff returned to his cell and found that more property was either missing or was outside of his cell door "on the tier." *Id.* at 6.

On January 15, 2020, Plaintiff filed his first grievance related to Defendant Godinez. This grievance solely alleges the theft of Plaintiff's property on January 11, 2020. ECF No. 5 at 16–18.

On February 10, 2020, Plaintiff filed his grievance specifically alleging that Defendant Godinez sexually abused and harassed him on September 21, 2019 and January 11, 2020. ECF No. 5 at 43–46. Investigations were subsequently conducted, including interviewing two witnesses Plaintiff identified. According to the investigation, both witnesses contradicted Plaintiff's allegations, and testified that Defendant Godinez did nothing wrong. *See* ECF No. 19-3 at 3. Ultimately the investigations concluded that Plaintiff's allegations were unfounded. *Id.* at 7, 9.

---

[1] The Court provides additional details of Plaintiff's Complaint in its January 5, 2021 Order, ECF No. 8.

[2] References to specific page numbers in a document filed in this case correspond to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

### B. Procedural Background

On October 22, 2020, Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Complaint accuses Defendant Godinez of sexual abuse and harassment, planting weapons in Plaintiff's cell, stealing his appliances, coercion, intimidation, and retaliation. In addition, Plaintiff generally alleges that Sergeant L.J. Rodriguez, Lieutenant R. Calvert, RJD Warden Marcus Pollard ("Defendant Pollard"), and Secretary of CDCR Kathleen Allison failed to act, respond, or investigate reports of misconduct made against Defendant Godinez.

On January 28, 2021, *nunc pro tunc* January 26, 2021, Plaintiff filed the instant Motion. ECF No. 11. The Motion, backed by sworn declarations of fellow inmates and other documents, claims that ever since "Defendants and prison staff" have become aware of Plaintiff's Complaint, "Plaintiff has been subjected to multiple levels of retaliation, harassment, threats of violence including death, personal property being taken, excessive cell searches, and denied the right to be put up for transfer at plaintiff's classification committee, three weeks after the whole committee had already recommended the transfer of plaintiff." *Id.* at 1. The Motion requests that "this Court order defendants, their successors, agents, employees, and all persons acting in concert with them to cease and desist the harassment, threats, and unjust property confiscation being inflicted on plaintiff and order defendants to immediately transfer plaintiff to a different CDCR Level III institution." *Id.* at 2. The Motion also requests the Court to issue a protection order for all those who have submitted declarations on Plaintiff's behalf. *Id.*

On February 9, 2021, Defendant Pollard filed an Opposition. ECF No. 19. Of note, the Opposition indicates that Defendant Godinez is no longer assigned to (nor does he have access to) the areas where Plaintiff is incarcerated. *See id.* at 12; *see also* ECF No. 1 at 9 (alleging that Defendant Godinez "is now out of the institution on leave"). In

addition, "since January 9, 2021, all correctional officers at Donovan [RJD] wear body cameras while on duty." ECF No. 19 at 13.

Plaintiff filed his Reply on February 17, 2021. ECF No. 22. In addition, one of the declarants, Mr. Michael Angelo Lena, *see* ECF No. 11 at 20, filed a Letter *nunc pro tunc* February 11, 2021. ECF No. 21. Along with various claims against RJD and CDCR, Mr. Lena states that he too fears retaliation from the RJD staff for submitting the declaration in support of Plaintiff, *see id.* at 1.

On February 22, 2021, Defendant Pollard filed an Ex Parte Application for Leave to File an Amended Declaration of Defendant Godinez, attempting to correct a typographical error. ECF No. 24. The Court granted the Application. ECF No. 25.

The Court held a hearing on the Motion on February 23, 2021. ECF No. 26.

## II.   DISCUSSION

The Court declines to grant Plaintiff's Motion for two reasons. First, the Motion is asking the Court to enjoin parties outside of the Complaint based on allegations not pled in the Complaint. The Court lacks the jurisdiction and authority to do so. Second, even if the Court had such jurisdiction and authority, Plaintiff's Motion fails. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC*, 555 U.S. 7, 22, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008) (citation omitted). In analyzing the factors to grant such relief, the Court finds that Plaintiff failed to make such "clear showing" that would warrant a preliminary injunction or temporary restraining order.

### A.   Jurisdiction and Authority to Issue the Injunction

Plaintiff's Motion is based on the claim that "[s]ince Defendants and prison staff here have become aware of plaintiff's complaint against them that is before this Court, Plaintiff has been subjected to multiple levels of retaliation." ECF No. 11 at 1. However, Plaintiff's supporting documents and Reply brief identify "staff members" as retaliating

against Plaintiff and "other inmates" as harassing Plaintiff, but not any of the named-Defendants. ECF No. 11 at 13–22; ECF No. 22 at 4. These allegations against "staff members" and "other inmates" are not part of the original Complaint. And no part of the Motion alleges that the named-Defendants are directing the retaliation or failing to remedy the situation after becoming aware of the retaliation. In fact, the main Defendant, Defendant Godinez, cannot access the areas where Plaintiff is incarcerated.

These shortcomings present two hurdles, preventing the Court from issuing a preliminary injunction or temporary restraining order. First, the Court lacks jurisdiction to issue any cease-and-desist order or protective order against any unnamed party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (declining to enjoin an unnamed party that was neither served nor formally appeared at trial because the court lacked jurisdiction over the party); *see also* Fed. R. Civ. P. 65(a), (b) (limiting the court's authority to issue preliminary injunctions and temporary restraining orders to those against "the adverse party"). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Since the persons allegedly committing the retaliation are staff and other inmates of RJD—i.e., those who are not listed as a defendant in the Complaint—the Court has no authority to issue a preliminary injunction or temporary restraining order against them.

Second, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "A court's equitable power lies only over the merits of the case or controversy before it." *Id.* Thus for a preliminary injunction or temporary restraining order, "there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct

alleged in the underlying complaint." *Id.* at 638.  Specifically, courts consider requesting injunctive relief based on retaliation over filing the complaint to be "entirely different and separate" from the underlying complaint.  *See id.* at 636.

At minimum, Plaintiff would need to address these two defects by filing a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) and re-noticing his motion for a preliminary injunction.

### B.     Four-Factor Analysis of the Requested Injunctive Relief

But even if the Court had jurisdiction and authority to do so, an injunctive relief requested by the Motion is not warranted.  To issue a preliminary injunction or temporary restraining order, the Court analyzes four factors: (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent the relief, (3) balance of equities tipping in the applicant's favor, and (4) public interest.  *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").  Upon considering each factor, the Court concludes that Plaintiff failed to demonstrate the need to issue such "an extraordinary remedy." *Winter*, 555 U.S. at 24.

First, Plaintiff is not likely to succeed on the merits.  The Court parses out two different issues for clarity.  One is the retaliation allegations made in the Motion.  This fails for multiple reasons—the Court need not consider them since they are external to the allegations in the Complaint, *see McMichael v. Napa Cty.*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983); the Motion's allegations lack specificity in terms of who is retaliating against Plaintiff; and Plaintiff failed to prove the five elements to establish a retaliation claim, *see Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

The other is the allegations made in the Complaint alone.  Here the Court faces the difficulty of pitting one declaration versus another.  *See, e.g.*, ECF No. 24-2 (denying

Plaintiff's allegations, including claims of sexual misconduct). What does appear to be true is that even the cell inmate witness—the one that Plaintiff himself provided as part of the investigations—contradicted Plaintiff's assertions. *See* ECF No. 22 at 3. And as much as Plaintiff avers institutional bias, the only record in front of the Court at this moment is that Plaintiff's allegations have been deemed "unfounded." ECF No. 19-3 at 7, 9. With the burden of persuasion lying on the applicant seeking injunctive relief, *see Winter*, 555 U.S. at 22 (requiring "a clear showing"), Plaintiff lacks the requisite facts to prevail on the merits.[3]

      Second, Plaintiff failed to demonstrate irreparable injury absent the relief. First and foremost, Defendant Godinez cannot access the areas where Plaintiff currently inhabits. In addition, all RJD correctional officers must now wear body cameras, which not only deters any tortious activity, it allows Plaintiff to specifically identify any staff member or inmate who may/did retaliate against Plaintiff. The Court views much of the Motion's assertions of injury as too general and conclusory, especially when clearly opportunities have existed to precisely identify the who, when, and where of Plaintiff's retaliation claims. *See, e.g.*, ECF No. 11 at 13–18, 32 (presenting exhibits which are signed or prepared by the staff members). Regarding Plaintiff's proprietary interests, it plainly does not satisfy the second factor—Plaintiff may be compensated upon the resolution of this lawsuit.

      The Court is thus ultimately left with Plaintiff's claims of trauma from the alleged sexual misconduct that occurred in September 2019 and January 2020. *See* ECF No. 22 at 5. The Court does not treat such harms (and allegations thereof) lightly. Nonetheless,

---

[3] And because Plaintiff is not likely to succeed on the merits regarding the main claim of sexual abuse and harassment, the Court agrees with Defendant Pollard that the rest of the Complaint (such as allegations of retaliation or failure to respond) also falls.

such is insufficient to establish that an *irreparable* injury will be incurred absent the granting of relief.

Lastly, the balance of equities and public interest favor Defendants. "The duty to protect inmates' constitutional rights . . . does not confer the power to manage prisons, for which courts are ill-equipped, or the capacity to second-guess prison administrators. Federal courts should not, in the name of the Constitution, become enmeshed in the minutiae of prison operations." *Toussaint v. McCarthy*, 801 F.2d 1080, 1086 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482–83 (1995). CDCR holds the "widest latitude in the dispatch of its own internal affairs." *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362 378–79 (1976)). The Court cannot substitute CDCR's own judgment on what would best serve the public interest, such as calculating whether transferring an inmate during times of COVID-19 would be net beneficial.[4] *See id.* at 1129; *see also* 18 U.S.C. § 3626(a)(2) (constraining the courts' preliminary injunction power, in which courts "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief").

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

**IT IS SO ORDERED.**

Dated: February 23, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] The Court declines to grant Defendant Pollard's Request for Judicial Notice, ECF No. 19-1, because the Court did not rely on the underlying documents to issue this Order.