UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN THOMAS MATHEIS,<br><br>Plaintiff,<br><br>v.<br><br>C. GODINEZ, *et al.*,<br><br>Defendants. | Case No.: 3:20-cv-2100-GPC-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE MOTION TO TAKE THE DEPOSITIONS OF INCARCERATED PERSONS**<br><br>**[ECF No. 43]** |

This matter comes before the Court on Defendants' *Ex Parte* Application to Take the Depositions of Incarcerated Persons. ECF No. 43. Pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendants seek leave of Court to take depositions of 13 incarcerated persons, all of whom Defendants believe are witnesses with firsthand knowledge of the incidents at issue in this case.[1] Plaintiff has identified 8 of the 13 inmates as witnesses to the alleged incidents, while Defendants have identified an additional 5 inmate witnesses. *Id.* at 3-4.

---

[1] These witnesses include: James Martin Rose, CDCR No. E92035, Richard J. Donovan Correctional Facility; Anthony Zendejas, CDCR No. AE4128, Richard J. Donovan Correctional Facility; Paul Loyde Hensley, CDCR No. J86000, Richard J. Donovan Correctional Facility; Jose Arreguin, CDCR No. H86282, Richard J. Donovan Correctional Facility; Bruxs Gastelum, CDCR No. J05622, Richard J. Donovan Correctional Facility;

The Court has already granted leave to Defendants to take Plaintiff's deposition (ECF No. 42). Therefore, allowing Defendants to depose the 13 witnesses as requested requires that the Court expand the number of permissible depositions under Fed. R. Civ. P. 30(a)(2)(A)(i) from 10 to 14.

Upon due consideration, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Application (ECF No. 43). The Court **GRANTS** Defendants permission to depose any of the incarcerated persons identified in their Application as potential witnesses to the alleged incidents at issue *within the presumptive 10-deposition limit* of the Federal Rules. On reasonable notice to Plaintiff, Defendants may depose such incarcerated persons in accordance with the Federal Rules of Civil Procedure and the institution's rules and regulations, including the presence of correctional officers during the deposition.

Additionally, pursuant to Fed. R. Civ. P. 30(b)(4), the Court **ORDERS** that Defendants may take such depositions by remote means if Defendants so choose. In light of the ongoing COVID-19 pandemic, the Court further **WAIVES** the requirement of Fed. R. Civ. P. 30(c)(1), and will permit the Court Reporter recording the depositions to do so remotely.

However, the Court finds Defendants have not established good cause to increase the deposition limit from 10 to 14. *See Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5325 FDB, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary"); *Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-

---

Albert Sidney Ward, CDCR No. D02841, Richard J. Donovan Correctional Facility; Perucho Neal, CDCR No. AB8302, California Men's Colony; Carlos Ramon Roberson, CDCR No. P16623, Richard J. Donovan Correctional Facility; Larry Michael Pineda, CDCR No. BF5927, Corcoran Correctional Facility; Raymond Davis Miller, CDCR No. BD1461, Salinas Valley State Prison; Rafael Angel Pena, CDCR No. AN5914, Richard J. Donovan Correctional Facility; Joseph Rozell Childs, CDCR No. C94633, Richard J. Donovan Correctional Facility; and Juan Jose Enriquez, CDCR No. BF7163, Richard J. Donovan Correctional Facility.

TUC-RM, 2020 WL 570947, at *2 (D. Ariz. Feb. 5, 2020) ("The party moving to exceed the presumptive ten-deposition limit has the burden to demonstrate good cause for doing so") (quotations and citation omitted).

Accordingly, the request to take depositions in excess of the 10-deposition limit is **DENIED without prejudice**. If, after Defendants have taken 10 depositions, they determine that additional witness testimony beyond the limit is necessary for their case, they may re-file a motion seeking to exceed the limit and explaining why the discovery is necessary. The Court will not entertain such a motion until Defendants have already met the 10-deposition limit.

**IT IS SO ORDERED**.

Dated: July 1, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge