UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN THOMAS MATHEIS,<br><br>                     Plaintiff,<br><br>v.<br><br>C. GODINEZ, *et al.*,<br><br>                    Defendants. | Case No.: 3:20-cv-2100-GPC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE MOTION TO CONTINUE DISCOVERY DEADLINES;**<br><br>**(2) DEFERRING MOTION FOR INDEPENDENT MEDICAL EXAMINATIONS; and**<br><br>**(3) REQUIRING DEFENDANTS TO SUBMIT SUPPLEMENTAL MOTION FOR INDEPENDENT MEDICAL EXAMINATIONS WITH SPECIFICATIONS REQUIRED BY RULE 35(a)(2)(B)**<br><br>**[ECF Nos. 49, 50]** |

Before the Court are: (1) Defendants' *Ex Parte* Application to Continue the Fact Discovery Deadline for Independent Medical Examinations and Expert Report Exchange Deadline Under Rule 26(a)(2)(A) and (B) (ECF No. 49); and (2) the parties' Joint Stipulation to Participate in Independent Medical Examinations with Psychiatrist Dominick Addario, M.D. and Urologist Tung-Chin Hsieh, M.D. (ECF No. 50). In addition to being filed as a separate motion, the stipulation (ECF No. 50) was also filed as an attachment to the motion to continue discovery deadlines. ECF No. 49-2.

The Court will first address the motion to continue (ECF No. 49). Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, Defendants request that the fact discovery deadline be continued to permit two Independent Medical Examinations ("IMEs") to be taken of Plaintiff, in order to evaluate Plaintiff's claims of liability and damages. ECF No. 49. Specifically, Plaintiff testified during his deposition on July 27, 2021 that he suffers from ongoing post-traumatic stress disorder and emotional distress as a result of the assaults alleged in this suit. *Id.* at 3. Plaintiff further testified that he continues to experience pain in his urethra as a result of the alleged assaults, and that while he is receiving mental treatment, he was refused treatment for his groin pain. *Id.* Counsel for Defendants determined that psychiatric and urological IMEs were necessary to evaluate Plaintiff's claims in this regard, and Plaintiff

agreed to both IMEs via a telephonic meet-and-confer with defense counsel on September 14, 2021. *Id.* at 3-4; *see also* ECF Nos. 49-2, 50 (stipulation to the two IME procedures).

Prior to meeting and conferring with Plaintiff regarding the proposed IMEs, defense counsel reached out to potential experts and identified two experts who are willing and available to conduct the IMEs: psychiatrist Dominick Addario, M.D. and urologist Tung-Ching Hsieh, M.D. ECF No. 49 at 3; *see also* Segal Decl. ¶ 4. Unfortunately, these potential experts have limited availability in their schedules to conduct the examinations. Dr. Addario's earliest availability to remotely conduct a psychiatric examination (via Zoom) is November 24, 2021, and Dr. Hsieh's earliest availability to conduct an in-person urological examination of Plaintiff is mid-October 2021. ECF No. 49 at 3-4. Accordingly, Defendants request that the fact discovery deadline currently set for October 1, 2021 be continued to December 1, 2021, to allow sufficient time to complete the two IMEs, and that the subsequent discovery deadlines for expert disclosures, rebuttals, and the expert discovery cutoff also be continued by two months each. *Id.* at 4-6.

The Court finds Defendants have demonstrated good cause to **GRANT** the requested discovery deadline extensions. Accordingly, the case schedule in the operative Scheduling Order (ECF No. 40) is amended as follows:

1. All fact discovery shall be completed by all parties by **December 1, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel and any party proceeding *pro se* shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects the parties to make every effort to resolve all disputes without court intervention

through the meet and confer process.  If the parties reach an impasse on any discovery issue, counsel for **Defendants** must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) a neutral statement of the dispute, and (2) one sentence describing (not arguing) each party's position. The Court will then schedule a telephonic conference. **No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court.**

2.  The parties shall designate their respective experts in writing by **January 3, 2022**.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **February 3, 2022**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3.  By **January 3, 2022**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

4.  Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **February 3, 2022**.

5.  All expert discovery shall be completed by all parties by **March 14, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing

fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

      6.     All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **April 4, 2022**.[1] Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed.  The period of time between the date you request a motion date and the hearing date may vary.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

      All other deadlines in the existing Scheduling Order (ECF No. 40) remain as previously scheduled. The dates and times set forth herein will not be modified except for good cause shown.

      Turning to the parties' Joint Stipulation and Motion regarding the two IMEs (ECF No. 50), the Court determines that more information is required before the request can be granted. Rule 35 of the Federal Rules of Civil Procedure governs physical and mental examinations of a party whose mental or physical condition is in controversy. Pursuant to that rule, the Court may order such party to submit to an IME by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a). However, the order granting a request for an IME

---

[1] Defendants did not request an extension of this deadline. However, the Court finds it appropriate to extend the pretrial motions deadline to a date after the close of expert discovery.

"(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)-(B).

Here, the Court finds that the "good cause" requirement of Rule 35(a)(2)(A) is met, but Defendants have failed to provide all the information necessary for the Court's order to comply with subprovision (a)(2)(B). The parties' joint stipulation properly identifies the place, manner, conditions, and scope of both examinations, as well as the persons who will perform them. *See* ECF No. 50 at 2-3. However, the dates and times of the IMEs are not specified, instead stipulated as "to be determined based on doctor availability." *Id.*

Based on the information provided in the pending motions, the Court is **tentatively** inclined to approve the following place, manner, conditions, scope, and examiners with respect to each requested IME:

1. Psychiatrist Dominick Addario, M.D. shall perform a mental examination of Plaintiff via remote videoconference technology. The manner of the examination shall include a review by Dr. Addario of Plaintiff's pertinent medical records, psychological records, and discovery records, in addition to a psychiatric examination of Plaintiff. The examination shall last approximately two to three hours and shall consist of questions from questionnaires to evaluate Plaintiff's claims of liability and damages. The scope of the exam shall be an evaluation of Plaintiff's mental, psychological, and emotional complaints, which Plaintiff asserts were caused or exacerbated by the events underlying the present litigation.
2. Urologist Tung-Chin Hsieh, M.D. shall perform a urological examination of Plaintiff in person.[2] The manner of the urological IME shall include a review by

---

[2] The parties' joint stipulation specifies that the urological examination will take place at 200 W. Arbor Drive, San Diego, CA 92103-8897. ECF No. 50 at 2. However, Defendants' motion states that the cystoscopy will take place at Dr. Hsieh's office at 9333 Genesee

        Dr. Hsieh of the pertinent medical, counseling, and discovery records, in addition to an appropriate physical examination. Additionally, Dr. Hsieh's urological IME will include a cystoscopy, also known as a cystourethroscopy, which is a bladder scope test to check the health of the urethra and bladder. The scope of the exam will be Plaintiff's genitourinary complaints, which Plaintiff asserts were caused or exacerbated by the events underlying the present litigation. Defendants shall pay for and arrange for Plaintiff to be escorted from the Richard J. Donovan prison facility to Dr. Hsieh's office.

However, the Court **DEFERS** the parties' request for the two IMEs, insofar as they have failed to identify the dates and times of either IME and to clearly specify the place of the urological IME. Without that information, the Court's Order approving the IMEs cannot meet the requirements of Rule 35(a). Therefore, Defendants are **ORDERED** to submit a supplemental motion setting forth the specifications required by Rule 35(a)(2)(B) for the Court's approval no later than **October 5, 2021**. The Court will not order Plaintiff to participate in the IMEs until Defendants have provided all required information.

**IT IS SO ORDERED**.

Dated:  September 21, 2021

                                                              _Allison H. Goddard_
                                                              Honorable Allison H. Goddard
                                                              United States Magistrate Judge

---

Avenue, San Diego, CA 92037. ECF No. 49 at 3. Defendants' supplemental motion must resolve this discrepancy and specify the place of the urological IME.